| | |
|---|---|
| District Court, City and County of Denver, Colorado<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: March 6, 2018 9:55 AM<br>FILING ID: 93F0947769A54<br>CASE NUMBER: 2018CV30800 |
| **DEVIN BANTON, individually, and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY SYSTEM, BY AND ON BEHALF OF THE COLORADO STATE UNIVERSITY,**<br>**BLANCHE HUGHES, IN HER INDIVIDUAL CAPACITY,**<br>**KATHY SISNEROS, IN HER INDIVIDUAL CAPACITY, and**<br>**DIANA PRIETO, IN HER INDIVIDUAL CAPACITY,**<br><br>**Defendants.** | COURT USE ONLY |
| David H. Miller, Atty Reg. 8405<br>Adam M. Harrison, Atty Reg. 50553<br>THE SAWAYA & MILLER LAW FIRM<br>1600 Ogden Street<br>Denver, Colorado 80218<br>Telephone: (303) 839-1650<br>Facsimile : (720) 235-4380<br>DMiller@sawayalaw.com<br>AHarrison@sawayalaw.com | Case No:<br><br>Division: |
| **INDIVIDUAL AND CLASS ACTION COMPLAINT** ||

Plaintiff, Devin Banton, individually, and on behalf of all others similarly situated, by and through the undersigned counsel from the Sawaya & Miller Law Firm, brings this Individual, and Collective and Class ("Class") Action Complaint against Defendants, the Board of Directors of the Colorado State University System, by and on behalf of the Colorado State

1

University (hereinafter "CSU" or "the University"), Blanche Hughes, Vice President for Student Affairs of CSU, in her individual capacity, Kathy Sisneros, Assistant Vice President for Student Affairs of CSU, in her individual capacity, and Diana Prieto, in her individual capacity.

As his Complaint the Plaintiff states and alleges as follows:

## I.   INTRODUCTION

1.   Devin Banton has been working as a non-student, non-exempt, hourly translator for Defendants for almost 5 years. He is not an employee classified under the State Personnel System. He has complained about not being properly paid for overtime based on the unlawful way that Defendants have been computing and administering the CSU compensatory time ("comp time") system. In January 2017, Defendants corrected one of the multiple ways in which they were cheating the Plaintiff and all other similarly situated CSU workers out of their proper overtime compensation by starting to calculate one hour of overtime work into 1½ hours of comp time, as required by law—instead of calculating one hour of overtime work into just 1 hour of comp time. Defendants, however, did not go back and recalculate comp time before that change and compensate the Plaintiff or those similarly situated, and even after making that change, Defendants continued to miscalculate and mis-administer comp time by unlawfully averaging hours worked over the 2 work week payroll period, so that if during week one an employee works for 35 hours, and if during week two that employee works for 48 hours, instead of crediting the worker for 8 hours of overtime which would result in 12 hours of comp time, Defendants have improperly credited the worker with only 3 hours of overtime, and then improperly have credited the worker with only 4.5 hours of comp time.

2.   This lawsuit it brought as an individual and collective action for the Plaintiff and for those similarly situated to him, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), including the Portal-to-Portal Act, 29 U.S.C. 255 to remedy those violations of the law.

3.   This lawsuit is also brought as an individual and class action in Colorado-based contract, implied contract, and promissory estoppel law under Rule 23, C.R.C.P., to obtain further relief for the Plaintiff and those similarly situated to him.

## II.   JURISDICTION AND VENUE

4.   This case arises under the laws of the United States and the State of Colorado.

5.   This Court has subject matter jurisdiction under Colo. Const. Art. 6, § 9, because Plaintiff's claims arise under the Fair Labor Standards Act as alleged herein, and under state contract, implied contract and promissory estoppel law.

6.   This Court has personal jurisdiction over Plaintiff Banton and those similarly situated, along with the above named Defendants, because they are all residents of the state of

2

Colorado and subject to the applicable federal statutory and state law and regulations. The actions or inactions that took place with respect to the claims herein all occurred within the state of Colorado.

7. Venue in this Court is proper under Rule 98(c), C.R.C.P., in that CSU, a Defendant herein, resides within the City and County of Denver, and service of process has been or will be made upon CSU within the City and County of Denver. Additionally, the Defendant Board of Directors resides within the City and County of Denver, and has approved the subject policies, practices and procedures that violate the FLSA and Colorado law throughout the state.

8. Further, Defendants conduct their operations generally within the state of Colorado. As Defendant CSU puts it: "The CSU System is unique in that CSU has extension offices in 60 of the 64 Colorado counties. No other institution in the state can claim this level of service focused on the varying needs extending to every corner of Colorado." http://www.csusystem.edu/about.

### III.   PARTIES

9. Plaintiff, Devin Banton ("Banton") is over the age of eighteen (18) and a resident of Larimer County, Colorado. Banton's address for service and mailing in this case is through Plaintiff's counsel's office at 1600 Ogden Street, Denver, Colorado 80218, Denver, Colorado 80218.

10. Banton has been employed by Defendant CSU and the individually named Defendants (for claims brought under the FLSA) for approximately the last 5 years in CSU's Resources for Disabled Students office which is a department within the Office of Student Affairs.

11. Banton has been employed as a translator who has been classified by Defendants as a non-student, non-exempt, hourly worker entitled to overtime compensation; and Banton is not an employee classified under the State Personnel System. That description properly describes Banton and the members of both the collective action and the class action herein.

12. Defendant CSU is a Colorado nonprofit corporation with its principal office at 2199 South University Boulevard, Denver, Colorado 80208.

13. Defendant Blanche Hughes ("Hughes") is the Vice President of the CSU Office of Student Affairs and as such she is in charge of all operations within that Office at CSU, including the employment of the Plaintiff and all members of the putative class and collective action.

14. During the period of the applicable statute(s) of limitations, Hughes has known that CSU was not properly paying overtime and has wantonly and willfully cheated the Plaintiff and the class out of their proper pay for that overtime.

15. Defendant Kathy Sisneros ("Sisneros") is the Assistant Vice President of the CSU office of Student Affairs who is in charge of the program and services of Resources for Disabled Students within which Banton works. Sisneros reports directly to Hughes.

16. During the period of the applicable statute(s) of limitations, Sisneros has known that CSU was not properly paying overtime and has wantonly and willfully cheated the Plaintiff and the class out of their proper pay for that overtime.

17. Defendant Diana Prieto is the Director of Human Resources for CSU and is responsible for the maintenance and enforcement of CSU's human resources office, including its human resources manuals, policies, practices and procedures, and including the terms and conditions of employment agreements under which the Plaintiff and all members of the putative class and collective actions are employed.

18. During the period of the applicable statute(s) of limitations Hughes has known that CSU was not properly paying overtime and has wantonly and willfully cheated the Plaintiff and the class out of their proper pay for that overtime.

19. Banton alleges that CSU and Defendants Blanche Hughes, Kathy Sisneros, and Diana Prieto, in their individual capacities, are his employers under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), including the Portal-to-Portal Act, 29 U.S.C. § 255, and unlawfully have failed to compensate him the amount due for overtime work pursuant to the FLSA.

20. Defendants Hughes, Sisneros and Prieto have each acted individually as employers of the collective action members in that each is an official who has acted personally to implement the policies, practices and procedures in direct violation of the FLSA in failing to properly pay overtime, and to improperly deprive the class and collective action members of compensation through the management of an improperly administered comp time system throughout CSU, all as applied to Plaintiff and the class and collective action members under them and their offices' and CSU's control.

21. Hughes', Sisneros', and Prieto's business addresses are within Larimer County in Ft. Collins, Colorado, at CSU' campus in that city.

### IV.   GENERAL ALLEGATIONS

22. Banton alleges that Defendants wantonly and willfully violated the FLSA in that their actions were in direct and clear violation of controlling federal law and the University's own policies concerning overtime and compensatory time policies, practices and procedures.

23. Banton brings the FLSA-based part of this lawsuit to obtain declaratory relief and money damages for himself and members of the Collective Action (hereinafter the "Class" or "Class Action") consisting of all present, past and future

4

non-student, non-exempt, hourly employees at CSU affected by the unlawful overtime and compensatory time bank policies described above who were not employees classified under the State Personnel System.

24.    Banton and the Class seek declaratory judgment and relief, actual damages, unpaid overtime compensation, liquidated damages, interest, their reasonable attorneys' fees, and their litigation costs and expenses for the FLSA-based claims in this action.

25.    In addition to claims brought under the FLSA, Banton also alleges on behalf of himself and all others similarly situated as non-student, non-exempt, hourly workers entitled to overtime compensation who were not employees classified under the State Personnel System, and which workers constitute a class under Rule 23(a) and (b)(3), C.R.C.P., that he and all members of the putative class entered into a contract or implied contract through the terms and conditions set out and agreed to by the parties orally and in writing as set out in the human resources manuals, policies, practices and procedures that indicated that Plaintiff and the Class members would receive overtime compensation at the multiplier rate of 1.5 of their regular hourly rate when and if they worked over 40 hours during a single work week.

26.    Banton is the named representative of the Class consisting of hundreds of Defendants' employees who are considered by the CSU office of Student Affairs as "non-student, non-exempt, hourly workers" ("the Class") who are non-students and perform hourly work within CSU and were not classified under the State Personnel System.

27.    With respect to that Class, for more than three (3) years prior to the date of the filing of this Complaint, Defendant CSU, along with Defendants Hughes, Sisneros, and Preito, in their individual capacities, implemented and carried out in general policies, practices and procedures in violation of the FLSA by:

    1)    not properly compensating the Class for overtime worked over 40 hours in one work week, but instead, by averaging work over 40 hours in a work week over a pay period of two work weeks and failing to provide overtime pay if the total pay period hours were not over 80 hours;

    2)    not compensating for overtime work at the rate of one and one half (1.5) hours of overtime compensation for each one (1) hour of overtime work, but rather by compensating an hour of overtime by compensation or credit for only one (1) hour of work;

    3)    establishing and enforcing a compensatory time system that required the Class to convert their overtime into compensatory time to be used to compensate for work time but under-calculated the amount of overtime to which the worker was entitled by use of one or both of the improper practices described above in this paragraph;

5

4) failing to obtain or provide an accurate agreement with the Class of workers subject to such compensatory time system; and

5) requiring the Class to participate in a comp time system when the written policies and procedures and the actual and/or implied agreement of the parties prohibit non-student, non-exempt, hourly workers from participating in a comp time system, but rather require the payment of overtime hours in monetary compensation.

28. Banton has over the years on many occasions worked more than 40 hours per week during his time of employment at CSU and been subject to each of the above-described FLSA violations.

29. As a non-student, non-exempt, hourly worker the Section 4 "Payments to Non-Student Hourly Employees" provision of the CSU Human Resources Manual states that Banton and all similarly situated class members are eligible for overtime pay.

30. The Section 1 "Overtime" provision of the CSU Human Resources Manual defines "overtime" as:

> [T]he time an employee in a position eligible for overtime is directed or allowed to work in excess of a 40 hour established work week.

31. The Section 4 "Non-Student Hourly Employees" provision of the CSU Human Resources Manual makes it clear that "[n]on-student hourly employees are not eligible for compensatory time, shift differential or call back pay."

32. Banton is currently employed by CSU as described above. He has worked at CSU since on or about March 2013.

33. Since his employment began, CSU has been improperly moving hours worked during one week into other weeks to manipulate improperly the accumulation and recording of his and the class members' time.

### V. COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff and the Class he represents bring their overtime claims in this Complaint as collective action claims pursuant to the FLSA, 29 U.S.C. 216(b), and their common law contract based claims (including their actual and implied contract claims as well as their promissory estoppel claims) as a Rule 23 Class Action, as described below.

35. Defendants' behavior in creating, applying and/or maintaining a general and uniform policy, practice or procedure that violated the rights of non-student, non-exempt, hourly workers to be properly compensated for overtime satisfies the requirements for a collective

action under the FLSA, 29 U.S.C. § 216(b) and the entitles the Collective Action ("Class") to proceed as a collective under the FLSA.

36.   Under this collective action, the court should issue a notice and opportunity for the Class to opt in to this FLSA action, as requested or as will be requested by Plaintiff's Motion for Conditional Class Action Certification.

37.   Additionally, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants, or adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interest.

38.   Defendants have acted or refused to act on grounds generally applicable to the Class and as such, final declaratory relief with respect to the Class as a whole is appropriate.

39.   No member of the Class other than the above named and captioned Plaintiff has expressed any interest in controlling the prosecution of a separate action. On information and belief, no other litigation concerning the subject matter of this action is being prosecuted by any member of the putative Class.

## VI.   CLASS ALLEGATIONS

40.   Plaintiff bring Counts II-IV of this Complaint as class action claims pursuant to Rule 23, C.R.C.P., on behalf of members of the following proposed Class:

All non-student, non-exempt, hourly employees of CSU.

41.   Plaintiffs' claims are properly brought as a class action under Rule 23 because the proposed Class satisfies the Rule's requirements for numerosity, commonality, typicality, and adequacy, as set forth below.

### Numerosity

42.    CSU employs and has employed scores to many hundreds of non-student, non-exempt, hourly employees at any given time.  On information and belief, there are scores to many hundreds of such CSU employees and/or former employees that are similarly situated to the above-captioned Plaintiff. As such, joinder of all Class members is entirely impracticable.

### Commonality

43. There are questions of law and fact that are common to the Class, which questions predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

1). whether CSU properly classified Class members as "non-student, non-exempt hourly employees" for the conditions of overtime compensation under their terms and conditions of employment at CSU;

2). whether CSU had a policy or practice of not properly paying the Class members one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week;

3). whether CSU's violations of its employment contracts with the class were willful and wanton;

4). whether CSU committed breach of contract by failing to pay Class members for the overtime hours they worked from the filing of the Complaint herein back to the commencement of the applicable statute of limitations under either C.R.S. § 13-80-101(a) and/or -103.5(a), and from that time until the final resolution of this litigation; and

5). whether Class members are entitled to compensation for all of their overtime hours under the equitable doctrine of promissory estoppel

### Typicality

44. The claims of Banton are typical of the claims of the Class. Like all of the Class members, Banton was employed by CSU as a non-student, non-exempt, hourly employee and was not properly paid for all of his overtime hours because of the uniform and similar wrongful policies, practices and procedures exercised by Defendants. Moreover, the defenses and legal theories CSU will assert in response to such claims are likely to be the same as to all Class members.

### Adequacy

45. Plaintiff Banton will fairly and adequately protect the interests of the Class. He has retained the Sawaya & Miller Law Firm, counsel that is experienced in class action litigation, wage and hour law, and contract law. Plaintiff and his counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Class, and have adequate resources to assure that the interests of the Class will not be harmed.

46. Additionally, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for CSU, or adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interest.

47. CSU has acted or refused to act on grounds generally applicable to the Class and as such, declaratory relief with respect to the Class as a whole is appropriate.

48. No member of the Class has expressed any interest in controlling the prosecution of a separate action. On information and belief, no other litigation concerning the subject matter of this action has been commenced by any member of the Class.

## COUNT I: VIOLATION OF THE FLSA
### DEFENDANTS' FAILURE TO COMPENSATE FOR OVERTIME

49. Plaintiff incorporates the facts alleged in each of the foregoing paragraphs as if fully set forth herein.

50. In or around January, 2017, Defendants were aware of the historic and continued unlawfulness of Defendants' failure to compensate one and one-half (1.5) hours of overtime for each hour of overtime work performed; and CSU, and the Defendants named in their individual capacities, then modified their practice to credit, under some circumstances, but not all legally-required circumstances, one and one-half (1.5) hours for each one hour the Defendants considered to be hours that should be treated as overtime.

51. Even after January, 2017, Defendants continued to improperly average the 2 work weeks in a pay period together to calculate overtime.

52. The continuation of work week averaging has resulted in continued improper under-compensation of overtime to the Plaintiff and similarly situated class members.

53. For example, under the pre-January 2017 time bank system if a Class member worked 35 hours in pay period week 1 and then 48 hours in pay period week 2 then Defendants averaged the work week time and calculated that 83 hours were worked over a 2 week payroll period, and 3 of those hours were compensated to the Class member as overtime at the same regular hourly rate of pay as non-overtime work, crediting the employee with 3 hours of comp time.

54. After Defendants made their January 2017 modification, if a Class member worked 35 hours in pay period week 1 and then 48 hours in pay period week 2 then Defendants still averaged the work week time and calculated that 83 hours were worked over a 2 week payroll period, and 4.5 hours of the Class member's regular hour rate were paid or credited as

9

overtime since they decided to grant 1.5 hours as the overtime calculation for each 1 hour of work they considered to be overtime.

55. Defendants, however, sill miscalculate overtime unlawfully under the FLSA even after they made the 2017 modification, because overtime must be calculated for each work week separately and the FLSA does not allow the averaging of 2 work weeks together for the calculation of overtime.

56. Defendants' written policies and procedures, as well as the FLSA, itself, make it clear that there should be no work week averaging, but in wanton and willful fashion, Defendants have violated not only the FLSA but their own written interpretation of the requirements of proper overtime calculation and pay.

57. Therefore, after Defendants made their January 2017 modification, if a Class member worked 35 hours in pay week 1 and then 48 hours in pay period week 2 under the FSLA the proper calculation of overtime would be that Defendants should have paid or credited 12 hours in overtime pay or credit at the Class member's regular hourly rate. (8 hours of overtime worked during week 2 multiplied by 1.5 hours = 12 hours of overtime compensation).

58. When Defendants made their change in January 2017, however, they failed to properly compensate their workers and former workers for the amount they had improperly failed to pay them for past overtime, and because of continued improper work week averaging, the members of the Class have not been properly paid or credited for overtime since the beginning of the applicable statute of limitations until the present.

59. At all times relevant to this Complaint, CSU and the individually named defendants were aware of the overtime requirements of FLSA, and CSU's and the individually named defendants violations were therefore willful and wanton, entitling the Plaintiff and the class members to 3 years of damages from the filing of the complaint and/or the date of their filed consent.

### COUNTS II and III: BREACH OF CONTRACT AND BREACH OF IMPLIED CONTRACT

60. Plaintiff incorporates the facts alleged in each of the foregoing paragraphs as if fully set forth herein.

61. Plaintiff and the class members generally do not have written, mutually signed individualized employment contracts, but each class member at the time of their employment agreed with CSU that he or she would be paid an agreed rate for regular hourly work and time-and-a-half for all overtime work in excess of 40 hours during one work week.

62. That mutual agreement is a contract between the Defendants and the Plaintiff and the class.

10

63. CSU established a compensatory time system and applies its terms to Plaintiff and the class.

64. CSU does not properly compensate the Plaintiff and the class for their overtime as they agreed they would be compensated. As described above, Defendants have cheated the Plaintiff and the class out of their overtime pay since the date of the applicable statute of limitations.

65. As a result of that improper compensation of overtime the Plaintiff and the class have been undercompensated and suffered monetary damages.

66. Defendants know and have known that they are violating that agreement to properly compensate the Plaintiff and the class for their overtime, and by knowingly violating that agreement their breach of contract has been willful and wanton.

67. As a term and condition of employment the Plaintiff and the class have been subject to the written policies and procedures of the Defendants with respect to overtime compensation.

68. Defendants' written policies and procedures state and guarantee that the Plaintiff and the class would properly be paid premium overtime compensation for work over 40 hours during one work week at the rate of time-and-a-half.

69. Defendants have knowingly violated those written policies and procedures which have the effect of contractual obligations.

70. As a result of their knowing violation of their written policies and procedures of CSU in not properly compensating the Plaintiff and the class for their overtime, Defendants' behavior has been wanton and willful.

71. As a result of Defendants' knowing violation of those written policies and procedures the Plaintiff and the class have suffered damages in the form of lost compensation for their overtime work.

## COUNT IV: PROMMISORY ESTOPPEL

72. Plaintiff incorporates the facts alleged in each of the foregoing paragraphs as if fully set forth herein.

73. CSU promised and agreed to pay the Plaintiff and class the overtime compensation due them from the beginning of the applicable statute of limitations until the present.

74.     CSU knew or should have known that the Plaintiff and the class would rely on CSU's promise to pay overtime properly thus provide Defendants with their work.

75.     In reasonable reliance on such promise, the Plaintiff and the class have provided CSU with their work.

76.     Defendants willfully and wantonly failed to compensate the Plaintiff and the class for their overtime and as a result the Plaintiff and the class have suffered monetary damages in the amount of their unpaid overtime.

77.     CSU's promises to pay overtime must be enforced to remedy the injustice that the Plaintiff and the class have experienced, and to prevent further injustice.

## V.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiff and the class respectfully ask the Court to find in their favor and to award Plaintiff and class:

A.      An Order granting certification to the Class and appointing Plaintiff and his counsel as class representatives and representation;

B.      An Order declaring that the practices alleged herein violate the FLSA and Colorado contract, implied contract and promissory estoppel law;

C.      An Order finding that the actions of the Defendants, and each of them, have been wantonly and willfully taken;

D.      An Order providing for all improperly denied overtime compensation to be paid to the Plaintiff and the class;

E.      An Order that Defendants pay Plaintiff's reasonable attorney's fees and costs; and

F.      All other and further relief as the Court may find to be equitable and just.

Dated this 6th day of March, 2018.

                          Respectfully submitted,

                          */s/ David H. Miller*
                          _____

                          David H. Miller
                          Adam M. Harrison
                          SAWAYA & MILLER
                          1600 Ogden Street

Denver, Colorado 80218
Telephone: 303.839.1650
E-mail: dmiller@sawayalaw.com
aharrison@sawayalaw.com

*Counsel for the Plaintiff Devin Banton, individually
and on behalf of all others similarly situated*

13