# EXHIBIT 1

# (To replace ECF No. 96-1)

## **RELEASE AND SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is made by and between Devin Banton ("Banton"), individually and on behalf of all other employees who alleged that they were similarly situated ("Collective Members") in the civil action filed in the United States District Court for the District of Colorado as Case No. 1:18-cv-00793 ("Lawsuit"), and the Board of Governors of the Colorado State University System ("CSU"). Banton and CSU are collectively referred to in this Agreement as "the Parties.

## **RECITALS**

A. WHEREAS, the Board of Governors is the governing Board of CSU, an institution of higher education in the State of Colorado,

B. WHEREAS, Banton initiated the Lawsuit on March 6, 2018 alleging claims for; (1) overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"); (2) breach of contract; (3) breach of implied contract; and (4) promissory estoppel. Banton brought his claims individually, on behalf of a purported collective under 29 U.S.C. § 216(b), and on behalf of a purported class under Fed. R. Civ. P. 23.

C. WHEREAS, CSU has asserted various defenses and maintains that sovereign immunity applies.

D. WHEREAS, the Parties participated in a Settlement Conference with the Court on March 22, 2018, which resulted in a Settlement Conference Agreement that is filed in the Lawsuit as ECF No. 68-1. Pursuant to the Settlement Conference Agreement, the Parties sought and obtained preliminary approval of their settlement, provided notice of the settlement (and an opportunity to opt in, opt out, or object to the settlement) to all putative collective and class members, and then negotiated in good faith to arrive at the terms in this Agreement.

E. WHEREAS, of the individuals who received notice of the Lawsuit, 28 opted in to the Lawsuit and alleged that they were due overtime under the FLSA ("Collective Members"). Two individuals rescinded their claims, so that there are now 26 Collective Members in the Lawsuit.

F. WHEREAS, the Parties desire to fully and finally settle and completely resolve the Lawsuit, and all claims that were brought or could have been brought in the Lawsuit.

G. WHEREAS, in granting preliminary approval of the Parties' settlement, the Court appointed Banton as Class Representative and the Sawaya & Miller Law Firm as Class Counsel. Class Counsel have carefully reviewed the information produced in discovery and the claims of Banton and the Collective Members. After taking all of this this information and the risks of litigation into account, Banton and Class Counsel are satisfied that the terms of this Agreement represent a fair, reasonable, adequate, and equitable resolution of the claims in the Lawsuit.

H. WHEREAS, CSU, while continuing to dispute Banton's and the Collective Members' allegations, considers it desirable to resolve the Lawsuit on the terms stated herein in

order to avoid further expense, inconvenience, and litigation, and thus have determined that settlement of the Lawsuit on the terms in this Agreement is in their best interests.

I.   WHEREAS, this Agreement is subject to, and its effectiveness conditioned upon, legally final approval by the Court through an order granting final approval of the Settlement ("Final Approval") and other conditions precedent specified below.

IN CONSIDERATION of the mutual and unilateral covenants, obligations, promises, and warranties contained within this Release and Settlement Agreement, the parties agree as follows:

## OBLIGATIONS OF BANTON AND THE COLLECTIVE MEMBERS

RELEASE BY COLLECTIVE MEMBERS: Upon the Effective Date, the Collective Members, and each of their respective agents, attorneys, employees, successors, heirs, spouses, administrators, executors, partners, and assigns, hereby release and forever discharge the State of Colorado and CSU, their past, present and future agents, governors, representatives, shareholders, principals, employees, attorneys, affiliates, parent corporations, subsidiaries, officers, directors, members, predecessors, successors, heirs, executors, and assigns from all claims that were brought, or could have been brought in the Lawsuit, whether known or unknown. Each Collective Member will execute a release that accords with this paragraph prior to receipt of any payment approved by the Court.

RELEASE BY DEVIN BANTON. Devin Banton, including his successors, agents, assigns and estate (collectively Banton), hereby releases the State of Colorado and CSU and all their past, present and future agents, governors, representatives, shareholders, principals, employees, attorneys, affiliates, parent corporations, subsidiaries, officers, directors, members, predecessors, successors, heirs, executors, and assigns of each of those entities from any and all claims, causes of action, liabilities, expenses, and/or damages which Banton may have or assert against the State of Colorado and CSU, or any current or former employees, officials, agents, and attorneys of each of those entities as a result of any acts by those entities or by any current or former employees, agents, or attorneys of those entities which occurred prior to the effective date of this Release and Settlement Agreement or omissions by those entities or any current or former employees, officials, agents, or attorneys of those entities to perform acts which should have been performed prior to the effective date of this Release and Settlement Agreement, including any act or omission arising out of, or relating to, Banton's employment with CSU. This Release and Settlement Agreement applies to any and all matters asserted, or which could have been asserted, up to the effective date of this Release and Settlement Agreement, including those matters asserted in *Banton, et al. v. CSU*, Civil Action No. 1:18-cv-00793. Specifically, but not by way of limitation, it includes claims under:

- The Equal Pay Act.
- Title VII of the Civil Rights Act of 1964, as amended.
- The Americans with Disabilities Act of 1990, as amended.
- The Civil Rights Act of 1991.
- Any state civil rights act.
- Any claim of retaliatory treatment.
- The Genetic Information Nondiscrimination Act of 2008
- Any claim seeking declaratory, injunctive, or equitable relief.

- The Fair Labor Standards Act, as amended.
- The Post-Civil War Reconstruction Acts, as amended (42 U.S.C. §§ 1981-1988).
- The Rehabilitation Act of 1973, as amended.
- The Family and Medical Leave Act of 1993.
- Any state statute such as C.R.S. § 24-34-402.5.
- Any claim of wrongful discharge against public policy.
- Any claim under the Colorado Judicial System Personnel Rules.

- The National Labor Relations Act, as amended.
- The Age Discrimination in Employment Act of 1967, as amended.
- The Employee Retirement Income Security Act of 1974, as amended.
- Any other federal statute.
- Any state statutory wage claim.
- Any claim in tort, contract, or for violation of the covenant of good faith and fair dealing.

Without limiting the generality of the foregoing, this Release and Settlement Agreement applies to any and all matters asserted, or which could have been asserted, up to the effective date of this Release and Settlement Agreement, including those matters asserted in the Lawsuit.

Notwithstanding any provision of this Release and Settlement Agreement to the contrary, nothing in this agreement shall prevent Banton from filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or Colorado Civil Rights Division (CCRD). However, in the event Banton files such a charge, Banton disclaims the right to seek or recover money damages from such a filing.

1. DISMISSAL OF CLAIMS. Banton and Collective Members agree to obtain dismissal of the Lawsuit with prejudice.

2.  COVENANT NOT TO SUE. Banton and Collective Members agree and covenant that they have not and will not sue or assert any federal, state, or administrative cause of action, at law or in equity, whether before a court of law or an administrative agency, against the State of Colorado and CSU, or any current or former employee, official, agent, or attorney of each of those entities for any claims, causes of action, liabilities, expenses, and/or damages arising out of any acts by any of them that occurred prior to the effective date of this Release and Settlement Agreement or omissions by any of them to perform acts that should have been performed prior to the effective date of this Release and Settlement Agreement, including any act or omission arising out of, or related to, the Lawsuit.

Banton further agrees and covenants that he has not and will not sue or assert any federal, state, or administrative cause of action, at law or in equity, whether before a court of law or an administrative agency, against the State of Colorado and CSU, or any current or former employee, official, agent, or attorney of each of those entities for any claims, causes of action, liabilities, expenses, and/or damages arising out of any acts by any of them that occurred prior to the effective date of this Release and Settlement Agreement or omissions by any of them to perform acts that should have been performed prior to the effective date of this Release and Settlement Agreement, including any act or omission arising out of, or related to, his employment with CSU. Banton expressly waives any claims they may have under state or federal law alleging discrimination or retaliation that arose prior to the effective date of this Release and Settlement Agreement.

3.  COVENANT BY CLASS COUNSEL. The parties recognize ethical prohibitions to a restriction on the lawyer's right to practice as part of the settlement of a client controversy. *See* Colo. RPC 5.6. This case involves a unique settlement and subsequent agreement after settlement to dismiss class claims given consideration of fairness to non-present class members and the limited number of opt-in class members. In negotiating this settlement, Class Counsel represented, as officers of the court, that they had no intention of representing members of the putative class in claims that were or could have been raised in the Lawsuit, or recommending or suggesting to other counsel to bring such claims. This covenant and representation as officers of the court is made subject to and consistent with Colo. RPC 5.6.

4.  FAMILY MEDICAL LEAVE ACT ACKNOWLEDGMENT. Banton represents and acknowledges that he has been provided with all leave to which he was entitled under the Family and Medical Leave Act.

5.  FAIR LABOR STANDARDS ACT ACKNOWLEDGMENT. Banton and Collective Members represent and acknowledge that upon receipt of the Settlement Payment in ¶13, they have paid all wages to which they were entitled under the Fair Labor Standards Act and any applicable state and local laws.

6.  **WORK-RELATED INJURY ACKNOWLEDGMENT.** Banton represents that, as of the last day of his employment, he was not suffering from any work-related injury and that they has not failed to report any work-related injury they suffered during their employment with CSU.

7.  **CLAIMS UNDER 29 U.S.C. SECTIONS 621-634.** Banton understands with respect to any rights or claims that he has or may have arising under the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq.,* that all of those rights or claims are released by this Release and Settlement Agreement. Banton further understands that he has been allowed a period of at least 21 days within which to consider this Release and Settlement Agreement and that he has 7 days following his execution of this Release and Settlement Agreement to revoke the Release and Settlement Agreement to the extent that it waives and releases those rights or claims. Banton understands that this Release and Settlement Agreement is not effective or enforceable with respect to the waiver or release of those rights or claims until after the 7-day period. If Banton elects to revoke this Release and Settlement Agreement with respect to his waiver of rights or claims arising under 29 U.S.C. 621, *et seq.* within the 7 day period, they must advise the State Agency by delivering a written notice or revocation to the Colorado Attorney General. For the revocation to be effective, the notice must be received by the Colorado Attorney General no later than 5:00 p.m. on the 7th calendar day after signing this Release and Settlement Agreement. Such revocation shall not affect waiver or release of any rights or claims not arising under 29 U.S.C. 621 *et seq.*

8.  **SOLE OWNER OF CLAIMS.** Banton and Collective Members represents that they are the sole owner of all claims purported to be released hereby and that they have not assigned or transferred any claim against CSU to any third party. Banton and Collective Members further represent and warrant that no third party is subrogated to their interest in claims released hereby, including but not limited to insurers, parent companies, or subsidiaries subrogated by reason of payment of costs or expenses or, if any third party has been subrogated to their interest, the interest of any subrogee has been settled, compromised, and extinguished. Banton and Collective Members agrees to defend and indemnify all persons and entities released hereby and hold them harmless against the claims of any assignee or subrogee to claims released hereby that may hereafter be asserted.

9.  **OPEN RECORDS ACT AND OTHER RELEASES PROVIDED BY LAW.** Banton and Collective Members understand and agree that, upon a valid request made pursuant to applicable public disclosure laws, including without limitation, the provisions of Section 24-19-101, *et seq.,* C.R.S. (post-employment compensation) and Section 24-72-101, *et seq.,* C.R.S. (Open Records Act), all as presently or subsequently amended, CSU is obligated to provide the requesting person a copy of this Release and Settlement Agreement. Banton and Collective

Members agrees that they will not hold the State of Colorado, CSU or their administrators, officers, agents, or employees liable for any information released in compliance with applicable law. Except as provided by law, the terms of this agreement will remain confidential.

10. **INTERNAL REVENUE SERVICE W-4 and W-9 FORMS.** Banton and Collective Members and Class Counsel shall provide fully executed and signed I.R.S. W-4 and Colorado Substitute W-9 forms to CSU prior to any payment under this Release and Settlement Agreement. If Banton or any Collective Member desires to provide an updated IRS W-4 to CSU, Class Counsel will provide that Form to CSU within 14 days of the Court's Final Approval. Otherwise, CSU will utilize the information it has on file in issuing checks to the Collective Members. If any payments to Collective members are returned by the postal service as undeliverable, Class Counsel will assist CSU in its search for a more recent address so that the payments can be promptly re-mailed to the correct address, including by contacting Collective Members.

11. **SUBSEQUENT EMPLOYMENT WITH CSU.** Banton agrees that he has no right to reinstatement of his employment with CSU and that he will not seek or accept employment with CSU. Banton further agrees that, should he seek reinstatement or employment with CSU, CSU may refuse to reinstate or employ him without any resulting liability, and Banton agrees that he has no right or cause of action arising from the refusal. CSU's employment records will recognize that Banton resigned his position with CSU. In addition, the Parties agree to a Level 1 restriction of ECF No. 35 in the Lawsuit.

12. **REPORTING & TAX TREATMENT OF SETTLEMENT PAYMENT.** Banton and Collective Members understand and agree that CSU or the State of Colorado (hereafter "the State") will file such tax forms and reports reflecting the settlement payment that they deem necessary. Such forms include all appropriate reporting forms with the Internal Revenue Service and other State or Federal taxing authorities on the amounts paid to Banton and Collective Members and their attorney. Banton and Collective Members further understand and agree that the State makes no representation as to the taxability or non-taxability of these payments. Banton, Collective Members and Class Counsel and are liable for all tax consequences resulting from the payments. In the event any part of the payment received by Banton and Collective Members in this settlement is determined to be taxable, Banton and Collective Members will be solely responsible for any tax liability arising from their portions of the payments, including any interest or penalty assessed. anton and Collective Members agree that CSU, the State and the Office of the Colorado Attorney General have made no representations or given any legal opinion concerning the tax treatment of the settlement payment, and Banton and Collective Members are expressly not relying on any such representation or opinion. Banton and Collective Members have had the opportunity to seek and

receive such tax opinions and advice as they deem necessary from attorneys and/or tax advisors of their choice.

## OBLIGATIONS OF CSU

13. SETTLEMENT PAYMENT. In full and final settlement of the Lawsuit, and all claims, which were brought or could have been brought in the Lawsuit, the Defendants shall pay Banton, Collective Members and Class Counsel the sum of $150,000.00 ("Total Settlement Payment"). Banton will seek Final Approval of the distribution the Total Settlement Payment as follows:

   a. <u>Wage payments to the 28 Collective Members:       $44,719.05.</u> The payment to Collective Members represents wages. CSU will issue a W-2 to Collective members on this portion of the payment. CSU will deduct from this portion of the payment all applicable state and federal withholding taxes, Medicare taxes, and other deductions required by law

   b. <u>Service Award to Banton:                          $5,000.00.</u> The service award is not designated as disputed wages, salary, or back pay or compromise of such claims. CSU will issue a Form 1099 on this portion of the payment to Banton.

   c. <u>Attorney's Fees and Costs to Class Counsel:       $100,280.95.</u> The payment for attorneys' fees and costs is not designated as disputed wages, salary, or back pay or compromise of such claims. CSU will issue a Form 1099 on this portion of the payment to Sawaya & Miller.

In addition to the Total Settlement Payment, CSU will pay the full amount of any employer share of payroll taxes on wage payments made to Collective Members.

CSU will not object to the distribution to the Collective Members of the entire amounts they claimed in this action, which are set forth in the attached Exhibit 1, with the understanding that the Total Settlement Payment is the entire and only amount that CSU will pay to Banton, the Collective Members, and/or Class Counsel.

Within 35 days of either: Final Approval, execution of this Agreement or CSU's receipt of fully executed and signed I.R.S. W-4 and Colorado Substitute W-9 forms from Banton, the Collective Members and Class Counsel, whichever occurs later, CSU will distribute the amounts that are finally approved by the Court as settlement payments. If Banton or any Collective Member desires to provide an updated IRS W-4 to CSU, Class Counsel will provide that Form to CSU within 14

days of the Court's Final Approval. Otherwise, CSU will utilize the information it has on file in issuing checks to the Collective Members. If any payments to Collective members are returned by the postal service as undeliverable, Class Counsel will assist CSU in its search for a more recent address so that the payments can be promptly re-mailed to the correct address, including by contacting Collective Members.

14. **TIMING OF PAYMENT.** The settlement proceeds, less any applicable withholding, will be paid to Banton and Collective Members within thirty-five days of the effective date of this Release or Settlement Agreement or Final Approval, whichever occurs later.

15. **SERVICE AWARD.** Class Counsel shall be responsible for filing a motion seeking approval of a Service Award of $5,000.00 to Banton. CSU agrees to pay this Service Award to Banton, conditioned on the Court's approval. While this amount is lower than the Service Award initially anticipated in the Parties' Settlement Conference Agreement, Banton has agreed to accept a Service Award of $5,000.00 so that all of the Collective Members may obtain the total amounts they claimed in this case. Any Service Award approved by the Court shall be paid within 35 days from the Court's Final Approval.

16. **SETTLEMENT ADMINISTRATION.** In accordance with the Settlement Conference Agreement, CSU has already paid the costs of providing notice and an opportunity to opt in or opt out of this Lawsuit to the putative class and collective members. Because CSU will distribute all funds directly to Banton, the Collective Members, and Class Counsel, the Parties do not anticipate that there will be any further costs of administration.

17. **NON-REVERSION.** The Parties agree to cooperate and to take all reasonable steps to ensure that the Collective Members are paid the amounts approved by the Court. None of the money comprising the Total Settlement Payment shall revert to CSU.

18. **EFFECT OF FAILURE TO GRANT FINAL APPROVAL.** In the event the Court fails to enter an order approving the settlement in accordance with this Agreement (except for modifying the attorneys' fees or Service Award) the Parties shall proceed as follows: 1. The Lawsuit will resume unless the Parties jointly agree to: (a) seek reconsideration or appellate review of the decision denying approval of the settlement, or (b) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement. 2. In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement

## GENERAL PROVISIONS

19. INTEGRATION. The parties understand, acknowledge, and agree that this Release and Settlement Agreement constitutes the entire agreement of the parties regarding the subject matter and transactions referred to herein. The parties understand, acknowledge, and agree that the terms of this Release and Settlement Agreement are contractual in nature and not mere recitals. As such, the parties understand, acknowledge, and agree that this Release and Settlement Agreement is fully integrated and supersedes all previous oral or written agreements of the parties.

20. BINDING EFFECT. This Release and Settlement Agreement shall inure to the benefit of, and be binding upon, the successors, assigns, and heirs of the parties.

21. GOVERNING LAW. This Release and Settlement Agreement is entered into in Colorado, shall be governed by the laws of the State of Colorado, and shall be enforced in accordance with its terms only in the Colorado state courts.

22. HEADINGS. The headings used in this Release and Settlement Agreement are only for the convenience of the parties. As such, these headings shall not have any legal effect whatsoever or in any other way alter or modify the meaning or interpretation of this Release and Settlement Agreement.

23. EFFECTUATION. This Release and Settlement Agreement is intended to be self-operative. The parties agree, however, that at the reasonable request of the other party, they shall execute any further documents reasonably necessary to effectuate this Release and Settlement Agreement.

24. SEVERABILITY. If any provision of this Release and Settlement Agreement should be declared to be unenforceable, with the exception of Banton and Collective Members' release as set forth above under "OBLIGATIONS OF BANTON AND COLLECTIVE MEMBERS", then the remainder of this Release and Settlement Agreement shall continue to be binding upon the parties.

25. COSTS. The parties agree that each party shall bear their or its own costs and attorney fees, if any.

26. NO THIRD-PARTY BENEFICIARIES. This Agreement shall not be construed to create rights in, or to grant remedies to or delegate any duty or obligation to, any third party as a beneficiary of this Agreement.

27. EXECUTION IN COUNTERPARTS. This Release and Settlement Agreement may be executed in counterparts or with signatures obtained via

facsimile transmission or scan and electronic mail transmission, each of which shall have full force and effect upon execution by all parties to this Release and Settlement Agreement.

28. **EFFECTIVE DATE/CONTROLLER APPROVAL.** This Release and Settlement Agreement shall not be valid until it is signed by the President of CSU and Chancellor of the Colorado State University System. The effective date of the settlement will be the later of the following dates: (a) the date of an order by the Court granting Final Approval of the Settlement, if there are no objections; or (b) if there are objections and/or an appeal of the Court's decision granting Final Approval, the day after all appeals are finally resolved in favor of final approval.

29. **WARRANTIES.** The parties expressly warrant that they have carefully and completely read the terms of this Release and Settlement Agreement. The parties expressly warrant that they have had the opportunity to consult with counsel prior to executing this Release and Settlement Agreement; that they fully understand the terms of this Release and Settlement Agreement; that they enter into this agreement knowingly and voluntarily; and that they enter into this agreement without coercion, duress, or undue influence. The parties expressly acknowledge that they believe the terms of this Release and Settlement Agreement are appropriate to reach a full and final settlement of this case. The parties expressly understand and agree that signing this Release and Settlement Agreement shall be forever binding and no rescission, modification, or release of the parties from the terms of this Release and Settlement Agreement will be made for mistake or any other reasons. The parties represent that they are legally competent to execute this Release and Settlement Agreement and accept full responsibility, and assume the risk of, any mistake of fact as to any damages, losses, or injuries, whether disclosed or undisclosed, sustained as a result of Banton and Collective Members' employment, any claim brought or that could have been brought, or any other matter between the parties occurring up to the effective date of this Release and Settlement Agreement. The parties further warrant and acknowledge that no promise or inducement has been offered except as set forth herein and that this Release and Settlement Agreement was executed by them without reliance upon any statement or representation by the persons or parties released or their representatives concerning the nature or extent of any damages or any legal liability therefore.

30. **NO ADMISSION OF LIABILITY.** The parties acknowledge that entering into this Release and Settlement Agreement reflects the parties' desire to resolve this matter amicably without additional expense or litigation. This Release and Settlement Agreement shall not be offered or received into evidence or otherwise filed or lodged in any proceeding against any party except as may be necessary for Final Approval and/or to prove and enforce its terms.

31.  AMENDMENT.  This Release and Settlement Agreement may not be amended except in a writing executed by all parties.

32.  CONTINUING COURT JURISDICTION. The Court shall have continuing jurisdiction to supervise and enforce the settlement set forth in this Agreement

**CAUTION: THIS IS A RELEASE. READ BEFORE SIGNING.**

WHEREFORE, the parties agree to and do accept the terms of this Release and Settlement Agreement.

2/5/2020
DATE

_[signature]_
Devin Banton individually and on behalf of all Collective Members

**BOARD OF GOVERNORS, COLORADO STATE UNIVERSITY SYSTEM BY AND THROUGH COLORADO STATE UNIVERSITY**

_____
DATE

_____
Joyce E. McConnell,
President

ALL CONTRACTS REQUIRE APPROVAL BY THE COLORADO STATE UNIVERSITY CONTROLLER:

C.R.S. § 24-30-202 and University Policy require the Colorado State University Controller to approve all State Contracts. This Contract is not valid until signed and dated below by the University Controller or delegate. Contractor is not authorized to begin performance until such time. If Contractor begins performing prior thereto, the State of Colorado is not obligated to pay Contractor for such performance or for any goods and/or services provided hereunder.

COLORADO STATE UNIVERSITY CONTROLLER

_____        _____

Page **11** of 12

Release and Settlement Agreement, *Banton, et al. v. CSU, et al.*, Civil Action No. 1:18-cv-00793

31.   AMENDMENT.   This Release and Settlement Agreement may not be amended except in a writing executed by all parties.

32.   CONTINUING COURT JURISDICTION. The Court shall have continuing jurisdiction to supervise and enforce the settlement set forth in this Agreement

**CAUTION: THIS IS A RELEASE. READ BEFORE SIGNING.**

WHEREFORE, the parties agree to and do accept the terms of this Release and Settlement Agreement.

_____   _____
DATE                          Devin Banton individually and on behalf of all Collective Members

**BOARD OF GOVERNORS, COLORADO STATE UNIVERSITY SYSTEM
BY AND THROUGH COLORADO STATE UNIVERSITY**

2.06.20
DATE              Joyce E. McConnell, President

ALL CONTRACTS REQUIRE APPROVAL BY THE COLORADO STATE UNIVERSITY CONTROLLER:

C.R.S. § 24-30-202 and University Policy require the Colorado State University Controller to approve all State Contracts.  This Contract is not valid until signed and dated below by the University Controller or delegate.  Contractor is not authorized to begin performance until such time. If Contractor begins performing prior thereto, the State of Colorado is not obligated to pay Contractor for such performance or for any goods and/or services provided hereunder.

COLORADO STATE UNIVERSITY CONTROLLER

_____   2/6/20

Release and Settlement Agreement, *Banton, et al. v. CSU, et al.*, Civil Action No. 1:18-cv-00793

DATE                             David Ryan,
                                       CSU Controller

APPROVED AS TO FORM AND AS TO OBLIGATIONS OF COUNSEL:

*[signature]*

Adam Harrison
Attorney for Banton and Collective Members


_____
Heather K. Kelly
Assistant Attorney General
Attorney for CSU


_____
Jannine R. Mohr
Deputy General Counsel for CSU
Special Assistant Attorney General

Page **12** of **12**

DATE      David Ryan,
          CSU Controller

APPROVED AS TO FORM AND AS TO OBLIGATIONS OF COUNSEL:

_____
Adam Harrison
Attorney for Banton and Collective Members

_____
Heather K. Kelly
Assistant Attorney General
Attorney for CSU

_____
Jannine R. Mohr
Deputy General Counsel for CSU
Special Assistant Attorney General