IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00793-PAB-MEH

DEVIN BANTON, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY SYSTEM, by and on behalf of the COLORADO STATE UNIVERSITY,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court are the Plaintiff's Unopposed Motion for Final Certification of FLSA Collective and Final Approval of Collective Action Settlement [filed February 5, 2020; ECF 96] and Plaintiff's Unopposed Motion Seeking Approval of Attorney's Fees, Costs, and Service Award [filed February 5, 2020; ECF 97]. The Court heard the motions on February 26, 2020. For the following reasons, this Court respectfully recommends that the Honorable Philip A. Brimmer grant both motions.

    First, the Court finds that final certification of the Fair Labor Standards Act collective action in this case ("FLSA Collective") is appropriate under the factors enunciated in *Thiessen v. GE Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001) and *Davis v. Crilly*, 292 F. Supp. 3d 1167 (D. Colo. 2018), in that (1) the similar factual employment settings of the FLSA Collective members support final certification of the FLSA Collective for settlement purposes; (2) the Defendant's primary defenses apply equally to all members of the FLSA Collective; and (3) "fairness and procedural

considerations"—including that all 1,561 employees who could have potentially joined into the collective action were sent notice and given an opportunity to opt in or object to the settlement and that every employee who believed he or she had a claim for overtime was able to file a Claim Form and was represented by Class Counsel in negotiations with CSU—also weigh in favor of approving the FLSA Collective for settlement purposes.

This Court also finds that the proposed settlement is "fair and reasonable" because: (1) bona fide disputes exist between the parties (including whether Plaintiff and the Collective Members worked the overtime hours they claim; whether Plaintiff and the Collective Members were appropriately paid for their overtime; whether Defendant's policies and practices complied with the FLSA; whether Plaintiff and the Collective Members' claims are barred by sovereign immunity; whether some or all of Plaintiff and the Collective Members' claims are barred by the applicable statute of limitations; whether Defendant's violations, if any, were committed in good faith and with a reasonable belief that Defendant complied with the FLSA; and whether Defendant's violations of the FLSA, if any, were willful as a matter of law); (2) all 1,561 employees who were part of the collective preliminarily certified by the Court on July 8, 2019 were given notice and a full opportunity to pursue their FLSA claims; and (3) the FLSA Collective members will recover all of the overtime compensation they have claimed in this action.

Moreover, this Court concludes that the settlement includes a "reasonable" award of attorneys' fees pursuant to the factors cited in *Davis*, 292 F. Supp. 3d at 1173-74 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The settlement provides an award for attorneys' fees that is half of the lodestar amount, and Defendant does not oppose such an award or the Plaintiff's contentions that (1) the case demanded a great deal of time and labor; (2)

many of the legal and factual questions in the case were difficult; (3) the case required a specialized understanding of wage and hour law and a capacity to handle class and collective actions; (4) acceptance of the case precluded Class Counsel from taking other cases; (5) while the customary fee in wage and hour class actions may be a percentage of the common fund, the common fund approach would not be appropriate where, as here, Class Counsel worked over 500 hours to obtain full relief for all of the Collective Members; (6) Class Counsel worked on a contingency, thus taking the risk that they would obtain no payment for hundreds of hours of work if the case was not resolved successfully; (7) there were no special time limitations imposed; (8) Class Counsel's efforts resulted in a full recovery to every Collective Member; (9) Class Counsel have substantial experience and strong reputations as wage and hour class action attorneys; and (10) the case was undesirable in that it was taken on contingency and intensely litigated over more than two years. Mot. 2-3, ECF 97. Finally, the Court finds that Class Counsel's requests for costs of $4,851.00 and a Service Award to the Plaintiff of $5,000.000 are appropriate.

Accordingly, this Court respectfully RECOMMENDS that Chief Judge Brimmer **grant** Plaintiff's Unopposed Motion for Final Certification of FLSA Collective and Final Approval of Collective Action Settlement [filed February 5, 2020; ECF 96] and Plaintiff's Unopposed Motion Seeking Approval of Attorney's Fees, Costs, and Service Award [filed February 5, 2020; ECF 97].[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §

Respectfully submitted this 27th day of February, 2020, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).