IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00793-PAB-MEH

DEVIN BANTON, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY SYSTEM, by and on behalf of the COLORADO STATE UNIVERSITY,

Defendant.

---

**MINUTE ORDER**

---

**Entered by Chief Judge Philip A. Brimmer**

This matter is before the Court on the Joint Status Report Regarding Payments to Class Members and Readiness of Case for Dismissal With Prejudice [Docket No. 109]. On May 12, 2020, the Court approved the parties' FLSA collective action settlement. Docket No. 107. The Court instructed the parties to inform the Court when the settlement was fully funded so that the case could be closed. *Id*. at 2-3. The parties represent that the settlement has been fully funded and "respectfully ask the Court to dismiss this case with prejudice." Docket No. 109 at 2, ¶ 5.

Because the status report is signed by only one party, a court order is required to dismiss this case. *See* Fed. R. Civ. P. 41(a)(1) (stating that the "plaintiff may dismiss an action without a court order by filing: . . . a stipulation of dismissal signed by all parties who have appeared." ). Rule 41(a)(2) of the Federal Rules of Civil Procedure states that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Furthermore, "[*u*]*nless the order states otherwise*, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2) (emphasis added). Here, however, the parties have agreed to dismissal with prejudice. Having reviewed the status report and being fully advised in the premises, the Court finds that dismissal with prejudice is proper. For these reasons, it is

**ORDERED** that plaintiff's claims are dismissed with prejudice. It is further

**ORDERED** that this case is closed.

DATED August 4, 2020.